Craig D. Hansen (AZ Bar No. 007405) chansen@ssd.com
Bradley A. Cosman (AZ Bar No. 026223) bcosman@ssd.com
**SQUIRE, SANDERS & DEMPSEY L.L.P.**
Two Renaissance Square, Suite 2700
40 North Central Avenue
Phoenix, Arizona 85004-4498
(602) 528-4000

and

Kristin E. Richner (OH Bar No. 0078582) krichner@ssd.com
Nicholas J. Brannick (OH Bar No. 0079642) nbrannick@ssd.com
**SQUIRE, SANDERS & DEMPSEY L.L.P.**
2000 Huntington Center
41 South High Street
Columbus, Ohio 43215
(614) 365-2700

Counsel to Debtors and Debtors-In-Possession

**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| In re<br><br>EUROFRESH, INC. *et al*<br><br>Debtors. | Case No. 2:09-bk-07970-CGC<br>(Jointly Administered)<br><br>Chapter 11<br><br>**AMENDED NOTICE OF OCCURRENCE OF EFFECTIVE DATE OF DEBTORS' FIRST AMENDED JOINT PLAN OF REORGANIZATION UNDER CHAPTER 11 OF THE BANKRUPTCY CODE**<br><br>**Hearing Date: N/A**<br>**Hearing Time: N/A** |

**PLEASE TAKE NOTICE** that on October 28, 2009 (the "**Confirmation Date**"), the Bankruptcy Court entered an order (the "**Confirmation Order**") [Docket No.565] confirming the *Debtors' First Amended Joint Plan of Reorganization Under Chapter 11 of the Bankruptcy Code* dated August 14, 2009 (the "**Plan**") [Docket No. 379] filed by Eurofresh, Inc. and

Eurofresh Produce, Ltd., debtors and debtors-in-possession (the "**Debtors**"), as amended in accordance with the *Notice of Settlement of Confirmation Objections of Silver Point Finance, LLC and Wells Fargo Foothill, LLC and Summary of Non-Material Plan Modifications and Implementation Procedures* (the "**Settlement Notice**") filed before the Bankruptcy Court on October 14, 2009 [Docket No. 538] and the modifications set forth in the Confirmation Order and supplemented by the Plan Supplements filed before the Bankruptcy Court on September 4, 2009, October 7, 2009 and October 27, 2009 [Docket Nos. 434, 514, and 558]..

**PLEASE TAKE FURTHER NOTICE** that, as of November 18, 2009 (the "**Effective Date**") all conditions to the effectiveness of the Plan have been satisfied or waived in accordance with the provisions set forth in Section 11 of the Plan.

**PLEASE TAKE FURTHER NOTICE** that, as set forth in the Plan and the Confirmation Order,[1] the occurrence of the Effective Date effectuates the following:

1. **Releases by Debtors.** Pursuant to section 1123(b) of the Bankruptcy Code, and except as otherwise specifically provided in the Plan or the Plan Supplement, for good and valuable consideration, including the service of the Released Parties to facilitate the expeditious reorganization of the Debtors and the implementation of the restructuring contemplated by the Plan, on and after the Effective Date, the Released Parties are deemed released and discharged by the Debtors, Reorganized Eurofresh, Reorganized EPL and the Estates from any and all Claims, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, including any derivative Claims asserted on behalf of the Debtors, whether known or unknown, foreseen or unforeseen, existing or hereinafter arising, in law, equity, or otherwise, that the Debtors, Reorganized Eurofresh, Reorganized EPL or the Estates would have been legally entitled to assert in their own right (whether individually or collectively) or on behalf of the Holder of any Claim or Interest or other Entity, based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Chapter 11 Cases, the purchase, sale, or rescission of the purchase or sale of any security of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of Claims and Interests prior to or in the Chapter 11 Cases, the negotiation, formulation, or preparation of the Plan and Disclosure Statement, or related agreements, instruments, or other documents, upon any other act or omission, transaction, agreement, event, or other occurrence

---

[1] Capitalized terms not defined in this Notice have the same meaning ascribed to them in the Confirmation Order.

taking place on or before the Effective Date, other than Claims or liabilities arising out of or relating to any act or omission of a Released Party that constitutes a failure to perform the duty to act in good faith, with the care of an ordinarily prudent person and in a manner the Released Party reasonably believed to be in the best interests of the Debtors (to the extent such duty is imposed by applicable non-bankruptcy law) where such failure to perform constitutes willful misconduct or gross negligence.

2. **Exculpation**. Except as otherwise specifically provided in the Plan, including any obligation, claim, cause of action, or liability arising expressly under the Plan, no Exculpated Party shall have or incur, and each Exculpated Party is hereby released and exculpated from any Claim, obligation, Cause of Action, or liability to one another or to any Exculpating Party for any Exculpated Claim, except for gross negligence or willful misconduct, but in all respects such Entities shall be entitled to reasonably rely upon the advice of counsel with respect to their duties and responsibilities pursuant to the Plan. The Debtors (and each of their respective agents, directors, officers, employees, advisors, and attorneys) have, and upon Confirmation of the Plan shall be deemed to have, participated in good faith and in compliance with the applicable law, rule, or regulation governing the solicitation of acceptances or rejections of the Plan or such distributions made pursuant to the Plan.

3. **Releases by Holders of Claims and Interests**. Except for any obligation, claim, cause of action, or liability arising expressly under the Plan or reserved by any Entity pursuant to the Plan, on and after the Effective Date, Holders of Claims and Interests shall be deemed to have conclusively, absolutely, unconditionally, irrevocably, and forever, released and discharged the Debtors, Reorganized Eurofresh, Reorganized EPL and the Released Parties from any and all Claims, Interests, obligations, rights, suits, damages, Causes of Action, remedies, and liabilities whatsoever, including any derivative Claims asserted on behalf of a Debtor, whether known or unknown, foreseen or unforeseen, existing or hereafter arising, in law, equity or otherwise, that such Entity would have been legally entitled to assert (whether individually or collectively), based on or relating to, or in any manner arising from, in whole or in part, the Debtors, the Debtors' restructuring, the Debtors' Chapter 11 Cases, the purchase, sale, or rescission of the purchase or sale of any security of the Debtors, the subject matter of, or the transactions or events giving rise to, any Claim or Interest that is treated in the Plan, the business or contractual arrangements between any Debtor and any Released Party, the restructuring of Claims and Interests prior to or in the Chapter 11 Cases, the negotiation, formulation, or preparation of the Plan and Disclosure Statement, or related agreements, instruments, or other documents, upon any other act or omission, transaction, agreement, event, or other occurrence taking place on or before the Effective Date with respect to any of the foregoing, other than Claims or liabilities arising out of or relating to any act or omission of a Debtor, Reorganized Eurofresh, Reorganized EPL or a Released Party that constitutes a failure to perform the duty to act in good faith, with the care of an ordinarily prudent person and in a manner the Debtor, Reorganized Eurofresh, Reorganized EPL or the Released Party reasonably believed to be in the best interests of the Debtors (to the extent such duty is imposed on such Released Party by applicable non-bankruptcy law) where such failure to perform constitutes willful misconduct or gross negligence.

4. **Injunction**. Except as otherwise expressly provided in the Plan, including any obligation, claim, cause of action, or liability arising expressly under the Plan or reserved by any

Entity pursuant to the Plan, all Entities who have held, hold, or may hold Claims against the Debtors, Released Claims against the Released Parties and the Exculpated Parties, and all Entities holding Interests, are permanently enjoined, from and after the Effective Date, from: (1) commencing or continuing in any manner any action pr other proceeding of any kind on account of or in connection with or with respect to any such Claims, Released Claims or Interests, as applicable; (2) enforcing, attaching, collecting, or recovering by any manner or means any judgment, award, decree or order against the Debtors or Reorganized Eurofresh, such Released Parties and Exculpated Parties on account of or in connection with or with respect to any such Claims, Released Claims or Interests, as applicable; (3) creating, perfecting, or enforcing any encumbrance of any kind against the Debtors, Reorganized Eurofresh, such Released Parties and Exculpated Parties or the property or estates of the Debtors, Reorganized Eurofresh, such Released Parties and Exculpated Parties on account of or in connection with or with respect to any such Claims, Released Claims and Interests, as applicable; (4) asserting any right of setoff, subrogation, or recoupment of any kind against any obligation due from the Debtors, such Released Parties and Exculpated Parties or against the property or Estates of the Debtors, Reorganized Eurofresh, such Released Parties and Exculpated Parties on account of or in connection with or with respect to any such Claims, Released Claims or Interests, as applicable, unless such Holder has Filed a motion requesting the right to perform such setoff on or before the Confirmation Date, and notwithstanding an indication in a Proof of Claim or Interest or otherwise that such Holder asserts, has, or intends to preserve any right of setoff pursuant to section 553 of the Bankruptcy Code or otherwise; and (5) commencing or continuing in any manner any action or other proceeding of any kind on account of or in connection with or with respect to any such Claims, Released Claims or Interests released or settled pursuant to the Plan.

**PLEASE TAKE FURTHER NOTICE** that the occurrence of the Effective Date triggers, among other things, the following bar dates for the taking of certain actions:

5. **Professional Claims**. All final requests for payment of Claims of a Professional shall be Filed no later than forty-five days after the Effective Date. After notice and a hearing in accordance with the procedures established by the Bankruptcy Code and prior Bankruptcy Court orders, the Allowed amounts of such Professional Claims shall be determined by the Bankruptcy Court. All Allowed Professional Claims shall be paid in accordance with SECTION 2.A of the Plan.

6. **Other Administrative Claims.** All requests for payment of an Administrative Claim must be Filed with the Claims and Solicitation Agent and served upon counsel to the Debtors or Reorganized Eurofresh, as applicable, on or before the Administrative Claim Bar Date. Any request for payment of an Administrative Claim pursuant to SECTION 10.B of the Plan that is not timely Filed and served shall be disallowed automatically without the need for any objection by the Debtors or Reorganized Eurofresh, and notice of such disallowance shall be given to the holder of such Administrative Claim. Reorganized Eurofresh may settle and pay any Administrative Claim in the ordinary course of business without any further notice to or action, order, or approval of the Bankruptcy Court. In the event that the Debtors or Reorganized Eurofresh, as applicable, object to an Administrative Claim, the Bankruptcy Court shall determine the Allowed amount of such Administrative Claim. Notwithstanding the foregoing,

no request for payment of an Administrative Claim need be Filed with respect to an Administrative Claim previously Allowed by Final Order.

7. **Claims Based on Rejection of Executory Contracts and Unexpired Leases**. Unless otherwise provided by a Bankruptcy Court order, any Proofs of Claim asserting Claims arising from the rejection of the Debtors' executory contracts and unexpired leases pursuant to the Plan or otherwise must be Filed with the Claims and Solicitation Agent no later than thirty days after the later of the Effective Date or the date of any notice of rejection. Any Proofs of Claim arising from the rejection of the Debtors' executory contracts or unexpired leases that are not timely Filed shall be disallowed automatically, forever barred from assertion, and shall not be enforceable against Reorganized Eurofresh or Reorganized EPL without the need for any objection by Reorganized Eurofresh or Reorganized EPL or further notice to or action, order, or approval of the Bankruptcy Court, and any Claim arising out of the rejection of the executory contract or unexpired lease shall be deemed fully satisfied, released, and discharged, notwithstanding anything in the Schedules or a Proof of Claim to the contrary. All Allowed Claims arising from the rejection of the Debtors' executory contracts and unexpired leases shall be classified as Rejection Damage Claims and shall be treated in accordance with SECTION 4.E of the Plan.

8. **Objections to Claims**. Any objections to Claims shall be filed on or before the later of (1) the date that is one year after the Effective Date and (2) such date as may be fixed by the Bankruptcy Court, after notice and a hearing, whether fixed before or after the date that is one year after the Effective Date.

Dated this 19th day of November, 2009.

**SQUIRE, SANDERS & DEMPSEY L.L.P.**

By: ␣␣␣/s/ Craig D. Hansen␣␣␣
␣␣␣␣␣Craig D. Hansen
␣␣␣␣␣Bradley A. Cosman
Two Renaissance Square
40 North Central Avenue, Suite 2700
Phoenix, Arizona 85004-4498
(602) 528-4000

- and -

Kristin E. Richner (OH Bar No. 0078582)
Nicholas J. Brannick (OH Bar No. 0079642)
2000 Huntington Center
41 South High Street
Columbus, Ohio 43215

*Counsel to Debtors and Debtors-in-Possession*